**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4155**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SHERRILL MILLER PANAYOTON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00057-MOC-1)

_____

Submitted: August 22, 2013       Decided: August 26, 2013

_____

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherrill Miller Panayoton pled guilty pursuant to a plea agreement to one count each of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006), and conspiracy to commit money laundering, in violation of 18 U.S.C.A. §§ 1956(h), 1957 (West 2000 & Supp. 2013), and was sentenced to forty-one months in prison. Panayoton's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but asking this court to determine whether Panayoton received ineffective assistance of counsel. Panayoton has not filed a pro se supplemental brief, despite receiving notice of her right to do so, and the Government has declined to file a responsive brief. We affirm.

Counsel questions whether Panayoton received constitutionally ineffective assistance of counsel because defense counsel failed to rebut the Government's argument at sentencing that Panayoton did not voluntarily disclose her crimes to law enforcement. In the absence of conclusive evidence of ineffective assistance of counsel on the face of the record, however, such claims are not cognizable on direct appeal. United States v. Powell, 680 F.3d 350, 359 (4th Cir.), cert. denied, 133 S. Ct. 376 (2012). Rather, "[c]laims of ineffective assistance of counsel are normally raised before the

2

district court via 28 U.S.C. § 2255[.]" Id. Because the record does not conclusively establish that counsel rendered ineffective assistance at sentencing, we decline to address this claim on direct appeal. Although Panayoton's claim is premature, she may, of course, reassert it in a § 2255 habeas motion.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Panayoton, in writing, of the right to petition the Supreme Court of the United States for further review. If Panayoton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Panayoton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED